| UNITED STATES BANKRUPTCY COURT **DELAWARE** | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **Giddens, Toriano A.** | Name of Joint Debtor (Spouse) (Last, First, Middle): **Giddens, Yashica M.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **4217** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **1316** |
| Street Address of Debtor (No. and Street, City, and State): **229 Saxondale Lane** **Dover, Delaware** ZIP CODE **19904** | Street Address of Joint Debtor (No. and Street, City, and State): **229 Saxondale Lane** **Dover, Delaware** ZIP CODE **19904** |
| County of Residence or of the Principal Place of Business: **KENT** | County of Residence or of the Principal Place of Business: **KENT** |
| Mailing Address of Debtor (if different from street address): ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)

- [X] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [X] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box.)

- [X] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [X] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): **Giddens, Toriano A. and Giddens, Yashica M.** |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed: **Virginia** | Case Number: **05-70367 Ch 13** | Date Filed: **January 25, 2005** |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X  **s/Bradley S. Eaby            March 8, 2013**<br><u>Signature of Attorney for Debtor(s)        (Date)</u> |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☒  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): **Giddens, Toriano A. and Giddens, Yashica M.** |
|---|---|
| *(This page must be completed and filed in every case.)* | |

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/Toriano A. Giddens**
_____
Signature of Debtor          **Toriano A. Giddens**

X **s/Yashica M. Giddens**
_____
Signature of Joint Debtor   **Yashica M. Giddens**

Telephone Number (if not represented by attorney)
**March 8, 2013**
_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney***

X **s/Bradley S. Eaby**
_____
Signature of Attorney for Debtor(s)
**Bradley S. Eaby**
_____
Printed Name of Attorney for Debtor(s)
**The Eaby Firm, LLC**
_____
Firm Name

**99 Wolf Creek Boulevard, Suite 3
Dover, Delaware 19901**
_____
Address
**(302) 674-3299**
_____
Telephone Number
**March 8, 2013**
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

B6A (Official Form 6A) (12/07)

In re  **Toriano A. Giddens and Yashica M. Giddens,**_____     Case No. _____
                          **Debtor**                                                           **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Time Share Unit No. 302 Pocotaligo Lane A & B, York County, Virginia (Week Number 6), King's Creek Plantation. | Co-tenant | J | $1,000.00 | None |
| **Notes:** Debtors own an undivided one fifty-second (1/52nd) co-tenancy interest in the subject time share subject to a possibility of reverter. | | | | |
| Time Share Unit 104B Begonia Way, York County, Virginia. | Co-tenant | J | $10,000.00 | $10,371.00 |
| Summer Bay Time Share, Kissimmee, FL | Co-tenant | J | $1,000.00 | None |
| **Notes:** Undivided 1/52 co-tenancy interest | | | | |
| Windjammer Resort Time Share, New Bern, NC | Co-tenant | J | $1,000.00 | None |
| | | Total ▶ | $13,000.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re  **Toriano A. Giddens and Yashica M. Giddens,**_____     Case No. _____
                          Debtor                                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on hand | J | $82.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | PNC Bank Checking Account #3688 | W | $-526.08 |
| | | PNC Bank Checking Account #8547 | H | $-904.82 |
| | | Wells Fargo Savings Account #2753 | H | $0.00 |
| | | Savings account | W | $5.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Security Deposit ($1750) and Pet Security Deposit ($400) paid February 2012 | J | $2,150.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household Goods and Furnishings | J | $1,043.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books, CDs, DVDs, Pictures | J | $60.00 |
| 6. Wearing apparel. | | Clothing and shoes | J | $440.00 |
| 7. Furs and jewelry. | | Jewelry | J | $170.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Hobby Equipment | J | $200.00 |

B 6B  (Official Form 6B) (12/2007)

In re  **Toriano A. Giddens and Yashica M. Giddens,** _____          Case No. _____
                                      **Debtor**                                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | | | |
|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | |
| 10. Annuities. Itemize and name each issuer. | X | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | 403(b) (Toriano)Number 9690 | H | $1,010.96 |
| | | 403(b) (Yashica) 5990 | W | $3,078.81 |
| | | 403(b) 0278 | H | $1,005.98 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | |
| 16. Accounts receivable. | X | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitle. Give particulars. | X | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |

B 6B  (Official Form 6B) (12/2007)

In re **Toriano A. Giddens and Yashica M. Giddens,** _____        Case No. _____
                                                    **Debtor**                                                                (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | | | |
|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Estimated 2102 Federal and State Income Tax Refund | J | $5,000.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2006 Ford F150 Supercrew Pickup 1/2 Ton V8 SuperCrew XLT 4WD 91,000 miles | H | $19,025.00 |
| | | 2007 Ford Escape V6 Utility 4D Limted 4WD 106,000 miles | J | $13,400.00 |
| | | 2011 Dodge Grand Caravan | J | $20,995.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | Pets | J | $50.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re **Toriano A. Giddens and Yashica M. Giddens,**_____        Case No. _____
                              **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

<u>3</u> continuation sheets attached        Total ▶

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

$66,284.85

B6C (Official Form 6C) (04/10)

In re  Toriano A. Giddens and Yashica M. Giddens,                    Case No. _____
                        Debtor                                                (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:    ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                     $146,450.*
☐ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Time Share Unit No. 302 Pocotaligo Lane A & B, York County, Virginia (Week Number 6) | DCA 10 § 4914(b) or 100% of Fair Market Value | $1,000.00 | $1,000.00 |
| Time Share Unit 104B Begonia Way, York County, Virginia | DCA 10 § 4914(b) or 100% of Fair Market Value | $0.00 | $10,000.00 |
| Summer Bay Time Share, Kissimmee, FL | DCA 10 § 4914(b) or 100% of Fair Market Value | $1,000.00 | $1,000.00 |
| Windjammer Resort Time Share, New Bern, NC | DCA 10 § 4914(b) or 100% of Fair Market Value | $1,000.00 | $1,000.00 |
| Cash on hand | DCA 10 § 4914(b) or 100% of Fair Market Value | $82.00 | $82.00 |
| Household Goods and Furnishings | DCA 10 § 4914(b) or 100% of Fair Market Value | $0.00 | $1,043.00 |
| Books, CDs, DVDs, Pictures | DCA 10 § 4914(b) or 100% of Fair Market Value | $60.00 | $60.00 |
| Clothing and shoes | DCA 10 § 4914(b) or 100% of Fair Market Value | $440.00 | $440.00 |
| Jewelry | DCA 10 § 4914(b) or 100% of Fair Market Value | $170.00 | $170.00 |
| Hobby Equipment | DCA 10 § 4914(b) or 100% of Fair Market Value | $200.00 | $200.00 |

* _Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

B6C (Official Form 6C) (04/10)

In re  **Toriano A. Giddens and Yashica M. Giddens,**          Case No. _____
                        **Debtor**                                                              **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| | | | |
|---|---|---|---|
| Pets | DCA 10 § 4914(b) or 100% of Fair Market Value | $50.00 | $50.00 |
| 2006 Ford F150 Supercrew Pickup 1/2 Ton V8 SuperCrew XLT 4WD | DCA 10 § 4914(c) or 100% of Fair Market Value | $0.00 | $19,025.00 |
| 2007 Ford Escape V6 Utility 4D Limted 4WD | DCA 10 § 4914(b) or 100% of Fair Market Value | $0.00 | $13,400.00 |
| 403(b) (Toriano) | 11 USC § 522(b)(3)(C) | $1,010.96 | $1,010.96 |
| 403(b) (Yashica) | 11 USC § 522(b)(3)(C) | $3,078.81 | $3,078.81 |
| Wells Fargo Savings Account #2753 | DCA 10 § 4914(b) or 100% of Fair Market Value | $0.00 | $0.00 |
| Security Deposit and Pet Security Deposit | DCA 10 § 4914(b) or 100% of Fair Market Value | $2,150.00 | $2,150.00 |
| 403(b) 0278 | 11 USC § 522(b)(3)(C) | $1,005.98 | $1,005.98 |
| Estimated 2102 Federal and State Income Tax Refund | DCA 10 § 4914(b) or 100% of Fair Market Value | $5,000.00 | $5,000.00 |
| 2011 Dodge Grand Caravan | DCA 10 § 4914(c) or 100% of Fair Market Value | $0.00 | $20,995.00 |
| savings account | DCA 10 § 4914(b) or 100% of Fair Market Value | $5.00 | $5.00 |

B 6D (Official Form 6D) (12/07)

**In re** Toriano A. Giddens and Yashica M. Giddens          ,          Case No. _____
_____
                    **Debtor**                                                                    **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐          Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 914D<br><br>Del One<br>191 COTTAGE COVE LANE<br>WILLIAMSBURG, VA 23185<br>Full Account No.: C3327914D | | J | 7/1/2012<br>**Purchase Money Deed of Trust**<br><br>**Time Share Unit 104B Begonia Way, York County, Virginia**<br>VALUE $    **$10,000.00** | | | | **$10,371.00** | **$371.00** |
| ACCOUNT NO.  0020<br><br>**Northeast Car Connection, Inc.**<br>150 E WATER ST<br>DOVER, DE 19901<br>Full Account No.: 55234000020 | | H | 11/1/2006<br>**Security Agreement**<br><br>**2006 Ford F150 Supercrew Pickup 1/2 Ton V8 SuperCrew XLT 4WD**<br>VALUE $      **$19,025.00** | | | | **$19,025.00** | **$13,603.00** |
| ACCOUNT NO.  0021<br><br>**Progressive Finance**<br>150 E WATER ST<br>DOVER, DE 19901<br>Full Account No.: 55234000021 | | J | 11/1/2006<br>**Security Agreement**<br><br>**2007 Ford Escape V6 Utility 4D Limted 4WD**<br><br>VALUE $      **$13,400.00** | | | | **$25,771.00** | **$12,371.00** |
| ACCOUNT NO. 7140<br><br>**11629 South East, Ste. 250 Draper, UT 84020**<br>Full Account No.: 807140 | | H | July 1, 2012<br>**Security Agreement**<br><br><br>VALUE $      **$1,000.00** | | | | **$2,800.00** | **$1,800.00** |

| | | |
|---|---|---|
| __1__  continuation sheets<br>attached | Subtotal ►<br>(Total of this page) | $          **57,967.00** | $          **28,145.00** |
| | Total ►<br>(Use only on last page) | $ | $ |
| | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re <u>Toriano A. Giddens and Yashica M. Giddens</u>,            Case No. _____
                **Debtor**                                                                  **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  nown<br><br>**2001 Byberry Road**<br>**Philadelphia, PA 19116** | | J | 2/25/13<br>**Security Agreement**<br><br>**2011 Dodge Grand Caravan**<br><br>VALUE $     **$20,995.00** | | | | **$21,058.00** | **$63.00** |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Sheet no. <u>1</u> of <u>1</u> continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s) ▶
(Total(s) of this page)

| $ **21,058.00** | $ **63.00** |
|---|---|

Total(s) ▶
(Use only on last page)

| $ **79,025.00** | $ **28,208.00** |
|---|---|
| (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6E (Official Form 6E) (04/10)

**In re** <u>Toriano A. Giddens and Yashica M. Giddens</u>,        Case No._____
                              Debtor                                                *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

[ ] **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ] **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ] **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

[ ] **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

[ ] **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

[ ] **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

   *\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re **Toriano A. Giddens and Yashica M. Giddens** _____ ,    Case No. _____
                                    **Debtor**                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 914D<br>**Advanced Financial Company**<br>5900 Pasteur Court, Suite 200<br>Carlsbad, CA 92008<br>Full Account No.: C3327914D | | J | timeshare payments | | | | $1,346.86 |
| **ACCOUNT NO.** 4217<br>**Alpine Payday Loan**<br>7180 West Fairview Avenue<br>Boise, ID 83704<br>Full Account No.: 226064217 | | H | cash advance | | | | $700.00 |
| **ACCOUNT NO.** 4220<br>**Ashro**<br>3650 Milwaukee St.<br>Madison, WI 53714-2399<br>Full Account No.: 9714828964220 | | W | credit card | | | | $351.86 |
| **ACCOUNT NO.** 3704<br>**BANK OF AMERICA**<br>450 AMERICAN ST<br>SIMI VALLEY, CA 93065<br>Full Account No.: 23393704 | | J | 6/1/2007<br>**Foreclosure on Delaware property** | | | | $432,000.00 |

Subtotal► $   434,398.72

__16__ continuation sheets attached

Total► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **Toriano A. Giddens and Yashica M. Giddens** ,    Case No. _____
                        **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 0662 **BARCLAYSBK PO BOX 8803ATT: CREDIT BUREAU ATT: CREDIT BUREAU WILMINGTON, DE 19899 Full Account No.: 514021800662** | | H | 2/1/2007 credit card | | | | $850.00 |
| **ACCOUNT NO.** 1316 **Boggs Well and Septic P.O. Box 333 Melfa, VA 23410** | | W | | | | | $2,300.00 |
| **ACCOUNT NO.** 1316 **Camden Dentistry 199 South Camden-Wyoming, DE 19934** | | W | **dental bill** | | | | $210.00 |
| **ACCOUNT NO.** 5355 **CAP ONE PO BOX 5253 CAROL STREAM, IL 60197 Full Account No.: 4247355011265355** | | W | 2/1/2011 credit card | | | | $482.00 |

Sheet no. **1** of **16** continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal▶    $    **3,842.00**

Total▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re  **Toriano A. Giddens and Yashica M. Giddens**       ,        Case No. _____
                          **Debtor**                                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for CAP ONE (5355):**<br><br>**First Financial Asset Mgmt, Inc.**<br>**PO Box 901**<br>**Fort Mill,  SC 29716-0901** | | | | | | | |
| **ACCOUNT NO.      5909**<br>**CAP ONE**<br>**PO BOX 5253**<br>**CAROL STREAM, IL 60197**<br>**Full Account No.:**<br>**5155990064245909** | | H | 4/1/2012<br><br>**CREDIT CARD** | | | | $605.00 |
| **ACCOUNT NO.      5423**<br>**CAP ONE**<br>**PO BOX 85015**<br>**RICHMOND, VA 23285-5075**<br>**Full Account No.:**<br>**517805945423** | | H | 5/1/2011<br><br>**credit card** | | | | $1,534.00 |
| **ACCOUNT NO.      3118**<br>**CAP ONE**<br>**PO BOX 85015**<br>**RICHMOND, VA 23285-5075**<br>**Full Account No.:**<br>**517805763118** | | W | 12/1/2012<br><br>**CREDIT CARD** | | | | $283.00 |

Sheet no.__**2**__ of __**16**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $  **2,422.00**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  Toriano A. Giddens and Yashica M. Giddens          ,        Case No. _____
                          **Debtor**                                                            **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 4968 <br><br> **Capital Management Services, LP** <br> **698 1/2 South Ogden Street** <br> **Buffalo, NY 14206** | | W | credit card | | | | $1,765.32 |
| **ACCOUNT NO.** 8181 <br> **Capital One Bank** <br> **c/o First Financial Asset Management** <br> **230 Peachtree Street, 17th Floor** <br> **Atlanta, GA 30303** <br> **Full Account No.: 14728181** | | W | | | | | $500.00 |
| **ACCOUNT NO.** <br><br> **Cash Central** <br> **PO Box 6430** <br> **North Logan, UT 84341-6430** | | W | personal loan | | | | $1,010.00 |
| **ACCOUNT NO.** 0301 <br><br> **CASHCALL** <br> **1920 MAIN STREET SUITE 400** <br> **IRVINE, CA 92614** <br> **Full Account No.: 9180301** | | H | 5/1/2012 <br><br> **UNSECURED** | | | | $2,593.00 |

Sheet no. **3** of **16** continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $  **5,868.32**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  **Toriano A. Giddens and Yashica M. Giddens**   ,     Case No. _____
                     **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**   0412 <br> **CashNetUSA** <br> **200 West Jackson, Suite 1400** <br> **Chicago, IL 60606-6941** <br> **Full Account No.: 28420412** | | J | **cash advance loan** | | | | $656.25 |
| **ACCOUNT NO.**   4968 <br> **CHASE** <br> **201 N. WALNUT ST//DE1-1027** <br> **WILMINGTON, DE 19801** <br> **Full Account No.:** <br> **418586022890 / VI194968** | | W | 4/1/2007 <br><br> **ACCOUNT TRANSFERRED OR SOLD  CHARGED OFF ACCOUNT** | | | | $1,800.00 |
| **ACCOUNT NO.**   4217 <br> **Check 'n Go** <br> **7755  Montgomery Road, Suite 400** <br> **Cincinnati, OH 45236** <br> **Full Account No.: 12495106 / 226064217** | | H | **cash advance** | | | | $4,000.00 |
| **ACCOUNT NO.**   03-7 <br> **Comcast** <br> **PO Box 3006** <br> **Southeastern, PA 19398-3006** <br> **Full Account No.: 09534 479104-03-7** | | H | **cable** | | | | $653.59 |

Sheet no. __**4**__ of __**16**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ | $ | **7,109.84**

Total▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Toriano A. Giddens and Yashica M. Giddens** ,          Case No. _____
                          **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 57-4 **DDA Recovery RJE245 (Citizens Bank) P.O. Box 42023 Providence, RI 02940 Full Account No.: 820271-157-4** | | W | **overdraft on checking account** | | | | $398.45 |
| **ACCOUNT NO.** 2122 **DE FCU 150 E WATER ST DOVER, DE 19901 Full Account No.: 4626628321882122** | | H | 11/1/2006 **CREDIT CARD** | | | | $2,517.00 |
| **ACCOUNT NO.** 7200 **DE FCU 150 E WATER ST DOVER, DE 19901 Full Account No.: 5867200** | | W | 6/1/2007 **credit card** | | | | $269.00 |
| **ACCOUNT NO.** 5749 **Delmarva Power c/o Rickart Collection Systems, Inc. P.O. Box 7242 North Brunswick, NJ 08902 Full Account No.: 3441138-9997 / 3685749** | | H | **electric bill** | | | | $270.38 |

Sheet no. **5** of **16** continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $    **3,454.83**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Toriano A. Giddens and Yashica M. Giddens**    ,                Case No. _____
                        **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 5-05 <br> eBay, Inc. <br> c/o I.C. System, Inc. <br> 444 Highway 96 <br> St. Paul, MN 55164-0887 <br> Full Account No: 651338990 / 3215385-05 | | H | ebay account | | | | $126.49 |
| **ACCOUNT NO.** 0024 <br> FEDLOAN <br> PO BOX 69184 <br> HARRISBURG, PA 17106 <br> Full Account No.: 700001799580024 | | H | 3/1/2009 <br> **STUDENT LOAN - PAYMENT DEFERRED** | | | | $52,657.00 |
| **ACCOUNT NO.** 0740 <br> FEDLOAN <br> PO BOX 69184 <br> HARRISBURG, PA 17106 <br> Full Account No.: 6369780740 | | W | 8/1/2008 <br> **STUDENT LOAN** | | | | $4,097.00 |
| **ACCOUNT NO.** 0740 <br> FEDLOAN <br> PO BOX 69184 <br> HARRISBURG, PA 17106 <br> Full Account No.: 6369780740 | | W | 8/1/2008 <br> **STUDENT LOAN** | | | | $19,045.00 |

Sheet no. **6** of **16** continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal▶ $ **75,925.49**

Total▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **Toriano A. Giddens and Yashica M. Giddens** ,                Case No. _____
                                    **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.        9824 <br> FEDLOAN <br> PO BOX 69184 <br> HARRISBURG, PA 17106 <br> Full Account No.: <br> 700001799579824 | | J | 10/1/2004 <br><br> STUDENT LOAN - PAYMENT DEFERRED | | | | $11,904.00 |
| ACCOUNT NO.        0124 <br> FEDLOAN <br> PO BOX 69184 <br> HARRISBURG, PA 17106 <br> Full Account No.: <br> 700001797840124 | | W | 7/1/2011 <br><br> STUDENT LOAN | | | | $33,553.00 |
| ACCOUNT NO.        9724 <br> FEDLOAN <br> PO BOX 69184 <br> HARRISBURG, PA 17106 <br> Full Account No.: <br> 7000011799579724 | | H | 10/1/2004 <br><br> STUDENT LOAN - PAYMENT DEFERRED | | | | $71,560.00 |
| ACCOUNT NO.        0224 <br> FEDLOAN <br> PO BOX 69184 <br> HARRISBURG, PA 17106 <br> Full Account No.: <br> 700001797840224 | | W | 7/1/2011 <br><br> STUDENT LOAN | | | | $58,499.00 |

Sheet no. **7** of **16** continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $  **175,516.00**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Toriano A. Giddens and Yashica M. Giddens** ,          Case No. _____
　　　　　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　　　**(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.      0001**<br>**FEDLOAN**<br>**PO BOX 69184**<br>**HARRISBURG, PA 17106**<br>**Full Account No.:**<br>**6097340303FD00001** | | **H** | **11/1/2010**<br>**STUDENT LOAN - PAYMENT DEFERRED** | | | | **$734.00** |
| **ACCOUNT NO.      9924**<br>**FEDLOAN**<br>**PO BOX 69184**<br>**HARRISBURG, PA 17106**<br>**Full Account No.:**<br>**7000001799579924** | | **H** | **3/1/2009**<br>**STUDENT LOAN - PAYMENT DEFERRED** | | | | **$19,821.00** |
| **ACCOUNT NO.      3464**<br>**FST PREMIE**<br>**3820 N LOUISE AVE**<br>**SIOUX FALLS, SD 57107**<br>**Full Account No.:**<br>**5178006399123464** | | **H** | **5/1/2012**<br>**CREDIT CARD** | | | | **$457.00** |
| **ACCOUNT NO.      5776**<br>**FST PREMIE**<br>**3820 N LOUISE AVET**<br>**SIOUX FALLS, SD 57107**<br>**Full Account No.:**<br>**5177607406905776** | | **H** | **8/1/2010**<br>**CREDIT CARD** | | | | **$497.00** |

Sheet no. __**8**__ of __**16**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $   **21,509.00**

Total▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re <u>Toriano A. Giddens and Yashica M. Giddens</u> ,                     Case No. _____
                              **Debtor**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.    9665**<br><br>**HSBC BANK**<br>**PO BOX 5253**<br>**CAROL STREAM, IL 60197**<br>**Full Account No.: 990000929665** | | **H** | **5/1/2006**<br><br>**credit card** | | | | **$300.00** |
| **ACCOUNT NO.    1316**<br><br>**Jay J. Harris DMD**<br>**220 Christiana Medical Ctr**<br>**Newark, DE 19702-1652**<br>**Full Account No.: xxx-xx-1316** | | **W** | **xxxx-xx**<br><br>**Medical bill** | | | | **$277.00** |
| **Additional Contacts for Jay J. Harris DMD (1316):**<br><br>**Trojan Professional Services, Inc.**<br>**P.O. Box 1270**<br>**Los Alamitos, CA 90720-1270** | | | | | | | |
| **ACCOUNT NO.    3279**<br><br>**King's Creek Plantation**<br>**263 McLaws Circle, Suite 202**<br>**Williamsburg, VA 23185**<br>**Full Account No.: 33279** | | **J** | **maintenance fee 2013** | | | | **$585.00** |

Sheet no. <u>  9  </u> of <u>  16  </u> continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal▶ | $ | **1,162.00**

Total▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re <u>Toriano A. Giddens and Yashica M. Giddens</u> ,        Case No. _____
          **Debtor**                                               **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 4217 <br><br> **Mapledale** <br>**180 Mapledale Circle** <br>**Dover, DE 19904** <br>**Full Account No.: 226064217** | | J | | | | | **$1,000.00** |
| **ACCOUNT NO.** 5909 <br><br> **Orchard Bank** <br>**212 Corporate Lane, Suite 108** <br>**Naperville, IL 60563** <br>**Full Account No.:** <br>**5155990064245909** | | | credit card | X | | | **$700.00** |
| **ACCOUNT NO.** 8031 <br>**PayPal, Inc.** <br>**c/o American Coradius** <br>**International LLC** <br>**2420 Sweet Home Rd. Ste 150** <br>**Amherst, NY 14228-2244** <br>**Full Account No.:** <br>**1372778271416748031** | | H | | | | | **$1,560.05** |
| **ACCOUNT NO.** 8547 <br>**PNC Bank** <br>**P.O. Box 2155** <br>**Rocky Mount, NC 27802-2155** <br>**Full Account No.: 8547** | | H | overdraft on checking account | | | | **$1,558.31** |

Sheet no. <u>10</u> of <u>16</u> continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶   $     **4,818.36**

Total▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Toriano A. Giddens and Yashica M. Giddens** ,        Case No. _____
    **Debtor**                                                           **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 3688 <br><br> **PNC Bank** <br> **P.O. Box 2155** <br> **Rocky Mount, NC 27802-2155** <br> **Full Account No.: 3688** | | W | overdraft on checking account | | | | $611.08 |
| **ACCOUNT NO.** 9017 <br><br> **Proactiv Solution** <br> **c/o SKO Brenner American, Inc.** <br> **P. O. Box 230** <br> **Frmngdale, NY 11735-0230** <br> **Full Account No.: 419569017** | | H | personal care product | | | | $67.84 |
| **ACCOUNT NO.** 3545 <br><br> **QVC** <br> **1200 Wilson Drive** <br> **Chester, PA 19380** <br> **Full Account No.: 73723545** | | J | credit card | | | | $2,700.00 |
| **ACCOUNT NO.** 1566 <br><br> **RBS Citizens N.A.** <br> **c/o Audit Systems Incorporated** <br> **3696 Ulmerton Rd., Suite 200** <br> **Clearwater, FL 33762** <br> **Full Account No.: 82002711566** | | H | credit card | | | | $1,153.26 |

Sheet no. **11** of **16** continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal▶  $ **4,532.18**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re  **Toriano A. Giddens and Yashica M. Giddens**         ,        Case No. _____
                          **Debtor**                                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   4009<br><br>Resort Management Group LLC<br>475 Broad Creek Road<br>New Bern, NC 28560<br>Full Account No.: 1384009 | | J | Previous balance for week #25 plus maintenance fee | | | | $3,107.74 |
| ACCOUNT NO.   -058<br><br>Shenandoah Villas<br>P.O. Box 1227<br>Harrisonburg, VA 22803 | | H | Time Share - Masanutten | | | | $2,525.00 |
| ACCOUNT NO.   1650<br><br>Shore Health System<br>PO Box 277715<br>Atlanta, GA 30384-7715<br>Full Account No.: E1501650 | | W | 8/17/2012<br><br>Medical bill | | | | $125.00 |
| ACCOUNT NO.   1993<br><br>Summer Bay Resort<br>P.O. Box 2953<br>Orlando, FL 32802-2953<br>Full Account No.: 281993 | | J | 2008<br><br>maintenance fee, property tax and reserve and deficiency balance on forclosure | | | | $2,838.04 |

Sheet no.__12__ of __16__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $  **8,595.78**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re __Toriano A. Giddens and Yashica M. Giddens__ ,          Case No. _____
                          **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 5935 <br> **TD Bank** <br> **P. O. Box 1377** <br> **Lewiston, ME 04243-1377** <br> **Full Account No.: 5935** | | W | **bank overdarft** | | | | $735.00 |
| **ACCOUNT NO.** 0504 <br> **UNIVOFPHX** <br> **4025 S RIVERPOINT PKYDBA** <br> **UNIVERSITY OF PHOENIX INC.** <br> **DBA UNIVERSITY OF PHOENIX INC.** <br> **PHOENIX, AZ 85040** <br> **Full Account No.: 9003866212 / UPX 76-121950504** | | H | **4/1/2004** <br> **Student Loan** | | | | $7,427.00 |
| **Additional Contacts for UNIVOFPHX (0504):** <br><br> **Gatestone & Co. International, Inc.** <br> **PO Box 101928, Dept. 4947A** <br> **Birmingham, AL 35210-1928** | | | | | | | |
| **ACCOUNT NO.** 7160 <br> **USFastCash** <br> **3531 P Street NW** <br> **P.O. Box 111** <br> **Miami, OK 74355** <br> **Full Account No.: 1990627160** | | H | **cash advance loan** | | | | $415.00 |

Sheet no. __13__ of __16__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal▶ | $ | **8,577.00**

Total▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re **Toriano A. Giddens and Yashica M. Giddens**  ,          Case No. _____
      **Debtor**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**   0120 <br> **Verizon** <br> **c/o I C System** <br> **P.O. Box 64444** <br> **St. Paul, MN 55164-0444** <br> **Full Account No.:** <br> **8865006046080120** | | H | | | | | **$1,000.00** |
| **ACCOUNT NO.**   0001 <br> **VERIZON** <br> **PO BOX 26055NAT'L RECOVERY** <br> **DEPT M.S. 400** <br> **NAT'L RECOVERY DEPT M.S. 400** <br> **MINNEAPOLIS, MN 55426** <br> **Full Account No.:** <br> **22119429300001** | | H | **1/1/2008** <br><br> **utility** | | | | **$123.00** |
| **ACCOUNT NO.**   1-79 <br> **VERIZON** <br> **500 TECHNOLOGY DR, SUITE 300** <br> **SUITE 300** <br> **WELDON SPRING, MO 63304** <br> **Full Account No.: 8865006046 /** <br> **49851562-1-79** | | H | **1/1/2008** <br><br> **utility** | | | | **$912.00** |
| **Additional Contacts for VERIZON (1-79):** <br><br><br> **I.C. System, Inc.** <br> **444 Highway 96 East** <br> **St. Paul, MN 55164-0437** | | | | | | | |

Sheet no.__**14**__ of __**16**__ continuation sheets attached          Subtotal▶  $          **2,035.00**
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

                                                                        Total▶  $
                                    (Use only on last page of the completed Schedule F.)
                                    (Report also on Summary of Schedules and, if applicable on the Statistical
                                    Summary of Certain Liabilities and Related Data.)

In re **Toriano A. Giddens and Yashica M. Giddens**  ,          Case No. _____
                        **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 0001 <br> **Verizon Wireless** <br> **777 Big Timber Road** <br> **Elgin, IL 60123** <br> **Full Account No.:** <br> **82239365900001** | | H | **wireless phone service** | | | | $600.00 |
| **ACCOUNT NO.** <br> **Virginia Beach Schools** <br> **Federal Credit Union** <br> **3701 Bonney Road** <br> **Virginia Beach, VA 23452** | | W | | | | | $2,193.00 |
| **ACCOUNT NO.** 4457 <br> **WFHM** <br> **PO BOX 10335** <br> **DES MOINES, IA 50306-0335** <br> **Full Account No.:** <br> **7080154204457** | | J | 8/1/2006 <br> **Mortgage Forclosure Deficiency for 32235 Keller Pond Road, Painter, VA 23420** | | | | $100,300.00 |
| **ACCOUNT NO.** 350 <br> **WSFS** <br> **500 DELAWARE AVE** <br> **WILMINGTON, DE 19801** <br> **Full Account No.: 8 350** | | H | 8/1/2011 <br> **credit card** | | | | $1,355.00 |

Sheet no. **15** of **16** continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ **104,448.00**

Total▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **Toriano A. Giddens and Yashica M. Giddens**,                     Case No. _____
                                    **Debtor**                                                                                 **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for WSFS ( 350):** **Glenn Associates Mid-Atlantic, Inc. 14504 Greenview Drive, Suite 107 Laurel, MD 20725** | | | | | | | |
| **ACCOUNT NO.** 5927 **WSFS 500 DELAWARE AVE WILMINGTON, DE 19801 Full Account No.: 5927** | | W | 10/1/2011 credit card | | | | $244.00 |
| **ACCOUNT NO.** 5927 **WSFS c/o Glenn Associates Mid-Atlantic, Inc. 14504 Greenview Dr.,  Suite 107 Laurel, MD 20725 Full Account No.: 5927** | | W | | | | | $243.68 |

Sheet no.__**16**__of __**16**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶   $          **487.68**

Total▶   $     **864,702.20**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re <u>Toriano A. Giddens and Yashica M. Giddens,</u>    Case No. _____
                    **Debtor**                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Synoski Real Estate Management<br>P.O. Box 1036<br>Dover, DE 19903 | Description: 1/26/2013 Lease Agreement between Stuart Trafford (Landlord) and Toriano and Yashica Giddens (Tenants) to lease premises at 229 Saxondale Lane, Dover, DE 19904 for the term 2/1/13 to 1/31/14 for the sum of $1,750 per month.<br><br>Nature of Debtor's Interest: Tenant |
| Progressive Finance<br>11629 South 700 East<br>Draper, UT 84020 | Description: Personal property furniture lease<br><br>Nature of Debtor's Interest: Lessee |

B 6H (Official Form 6H) (12/07)

**In re  Toriano A. Giddens and Yashica M. Giddens,**          Case No. _____
                               **Debtor**                                  **(if known)**

# SCHEDULE H - CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**B6I (Official Form 6I) (12/07)**

In re   **Toriano A. Giddens and Yashica M.**
          **Giddens,**                                    Case No. _____
          _____
                  **Debtor**                                                                    **(if known)**

# SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Married** | RELATIONSHIP(S): | **Yasmin Giddens, child; Toriana Giddens, child; and Victoria Giddens, child** | AGES(S): | **13, 9, and 2** |

| **Employment:** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **School Principal** | **Sells Mary Kay Cosmetics** |
| Name of Employer | **State of Delaware** | **Mary Kay** |
| How long employed | **6 years** | |
| Address of Employer | **820 Silver Lake Blvd., Suite 100 Dover, DE 19904** | **P.O. Box 799040 Dallas, TX 75379** |

INCOME: (Estimate of average or projected monthly income at time case filed)             DEBTOR                SPOUSE

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $    9,631.42 | $ | 115.93 |
| 2. | Estimate monthly overtime | $    0.00 | $ | 0.00 |
| 3. | SUBTOTAL | $    9,631.42 | $ | 115.93 |
| 4. | LESS PAYROLL DEDUCTIONS | | | |
| | a. Payroll taxes and social security | $    1,804.62 | $ | 0.00 |
| | b. Insurance | $    27.08 | $ | 0.00 |
| | c. Union dues | $    0.00 | $ | 0.00 |
| | d. Other (Specify): | | | |

| Description | Debtor's Amount | Spouse's Amount |
|---|---|---|
| **DepCareSp** | **$416.67** | **$0.00** |
| **HltCareSp** | **$208.33** | **$0.00** |
| **MinnLife** | **$253.52** | **$0.00** |
| **RegPenCd** | **$288.12** | **$0.00** |
| **SchDent** | **$8.26** | **$0.00** |

|   |   | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| | | $    1,174.90 | $ | 0.00 |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $    3,006.60 | $ | 0.00 |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $    6,624.82 | $ | 115.93 |
| 7. | Regular income from operation of business or profession or farm (Attach detailed statement) | $    N/A | $ | N/A |
| 8. | Income from real property | $    N/A | $ | N/A |
| 9. | Interest and dividends | $    N/A | $ | N/A |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $    N/A | $ | N/A |
| 11. | Social security or government assistance (Specify): | $ | $ | |
| 12. | Pension or retirement income | $    N/A | $ | N/A |
| 13. | Other monthly income (Specify): | $ | $ | |

**B6I (Official Form 6I) (12/07)**

In re    **Toriano A. Giddens and Yashica M.**
        **Giddens,**
_____
                **Debtor**

Case No.
_____
                **(if known)**

# SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| | | |
|---|---|---|
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ _____ **0.00** | $ _____ **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ _____ **6,624.82** | $ _____ **115.93** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (combine column totals from line 15) | $ _____ **6,740.75** _____ | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17.    Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B 6J (Official Form 6J) (12/07)

In re  **Toriano A. Giddens and Yashica M. Giddens,**_____    Case No. _____
                                    **Debtor**                                                        **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. | Rent or home mortgage payment (include lot rented for mobile home) | $1,750.00 |
| | a.   Are real estate taxes included?  Yes _____  No __X__ | |
| | b.   Is property insurance included?  Yes _____  No __X__ | |
| 2. | Utilities:   a.   Electricity and heating fuel | $500.00 |
| | b.   Water and sewer | |
| | c.   Telephone | |
| | d.   Other: Cell Phones. | $240.00 |
| | e.   Other: TV/Internet/Phone. | $206.00 |
| 3. | Home maintenance (repairs and upkeep) | $0.00 |
| 4. | Food | $1,000.00 |
| 5. | Clothing | $100.00 |
| 6. | Laundry and dry cleaning | $50.00 |
| 7. | Medical and dental expenses | $150.00 |
| 8. | Transportation (not including car payments) | $350.00 |
| 9. | Recreation, clubs and entertainment, newspapers, magazines, etc. | $50.00 |
| 10. | Charitable contributions | $0.00 |
| 11. | Insurance (not deducted from wages or included in home mortgage payments) | |
| | a.   Homeowner's or renter's | $19.00 |
| | b.   Life | $150.00 |
| | c.   Health | |
| | d.   Auto | $149.00 |
| | e.   Other _____ | $_____ |
| 12. | Taxes (not deducted from wages or included in home mortgage payments) (Specify) | $_____ |
| 13. | Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| | a.   Auto | |
| | b.   Other: Student Loans- W 0740 $17,835/$103.01 mo. | |
| | c.   Other: Student Loans- W 0740 $3837/$22.16 mo. | |
| | d.   Other: Student Loans- W 0224 & 0124 $91,962/$1,182.26 mo. | |
| | e.   Other: Student Loans- H 0303 $735/$4.24 mo. | |
| | f.   Other: Student Loans- H  $159,789 9724, 0024,9924 & 9824/$4,178.60 mo. | |
| 14. | Alimony, maintenance, and support paid to others | |
| 15. | Payments for support of additional dependents not living at your home | $0.00 |
| 16. | Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17. | Other | $      1,126.39 |

|  |  |
|---|---:|
| Progressive Finance Furniture Lease. | $401.24 |
| Auto Maintenance and Repairs. | $75.00 |
| Day Care. | $500.00 |

B 6J (Official Form 6J) (12/07)

In re  **Toriano A. Giddens and Yashica M. Giddens,** _____     Case No. _____
                            **Debtor**                                          **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

|  |  |
|---|---|
| Personal Care. | $100.00 |
| Pet Care and Food. | $50.15 |

18.   AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)        $       5,840.39

19.   Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: None.

20.   STATEMENT OF MONTHLY NET INCOME
    a.   Average monthly income from Line 15 of Schedule I        $       6,740.75
    b.   Average monthly expenses from Line 18 above        $       5,840.39
    c.   Monthly net income (a. minus b.)        $       900.36

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## DELAWARE

In re **Toriano A. Giddens and Yashica M. Giddens**

_____,
                   Debtor

Case No. _____

Chapter **13**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 13,000.00 | | |
| B - Personal Property | YES | 4 | $ 66,284.85 | | |
| C - Property Claimed as Exempt | YES | 2 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 79,025.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 18 | | $ 864,702.20 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $ 6,740.75 |
| J - Current Expenditures of Individual Debtors(s) | YES | 2 | | | $ 5,840.39 |
| TOTAL | | 33 | $ 79,284.85 | $ 943,727.20 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
### DELAWARE

In re **Toriano A. Giddens and Yashica M. Giddens**

_____ ,

 Debtor

Case No. _____

Chapter **13**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount | |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | **0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | **0.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | **0.00** |
| Student Loan Obligations (from Schedule F) | $ | **279,297.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | **0.00** |
| TOTAL | $ | **279,297.00** |

**State the following:**

| | | |
|---|---|---|
| Average Income  (from Schedule I, Line 16) | $ | **6,740.75** |
| Average Expenses (from Schedule J, Line 18) | $ | **5,840.39** |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | **10,189.35** |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ | **28,208.00** |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | **0.00** | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | **0.00** |
| 4. Total from Schedule F | | $ | **864,702.20** |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ | **892,910.20** |

In re **Toriano A. Giddens and Yashica M. Giddens** _____ ,   Case No. _____

Debtor                                                          (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __35__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _**March 8, 2013**_____        Signature: **s/Toriano A. Giddens**_____

                                                                        **Toriano A. Giddens**  Debtor

Date _**March 8, 2013**_____        Signature: **s/Yashica M. Giddens**_____

                                                                        **Yashica M. Giddens**  (Joint Debtor, if any)

                                                        [If joint case, both spouses must sign.]

----------------------------------------------------------------------------------------------------

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information  required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,                                Social Security No.
of Bankruptcy Petition Preparer                                              *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____

_____
Address

X _____        _____
  Signature of Bankruptcy Petition Preparer                          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

----------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                                        Signature: _____

                                                        _____
                                                        [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

----------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## DELAWARE

In re  Toriano A. Giddens , Yashica M. Giddens                    Case No. _____
                    Debtor

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
### CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed*.

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

❐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❐ 4. I am not required to receive a credit counseling briefing because of:

❐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
❐ Active military duty in a military combat zone.

❐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  s/Toriano A. Giddens _____

Date: March 8, 2013 _____

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## DELAWARE

In re  Toriano A. Giddens, Yashica M. Giddens _____          Case No. _____
Debtor

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

❐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❐ 4. I am not required to receive a credit counseling briefing because of:

❐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
❐ Active military duty in a military combat zone.

❐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Joint Debtor:  s/Yashica M. Giddens _____

Date: March 8, 2013 _____

2

B 7 (Official Form 7) (12/12)

# UNITED STATES BANKRUPTCY COURT

## DELAWARE

In re: Toriano A. Giddens and Yashica M. Giddens     Case No _____
                               Debtor                                         (if known)

## STATEMENT OF FINANCIAL AFFAIRS

**1.   Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  AMOUNT | SOURCE |
|---|---|

Debtor:

Current Year (2013):
$13,335.81                               2013 Year To Date

Previous Year 1 (2012):
$109,968.71                         2012 W-2 State of DE
$3,000.00                           1099-Misc AMS Servicing, LLC

Previous Year 2 (2011):
$102,136.53                         2011 W-2 State of DE

Joint Debtor:

Current Year (2013):
$54.11                                  2013 Year To Date

Previous Year 1 (2012):
$35,554.70                          2012 W-2 State of DE
$5,466.58                          2012 W-2 Mary Kay Inc.
$3,000.00                          1099-Misc AMS Servicing, LLC

Previous Year 2 (2011):
$50,452.78                         2011 W-2

**2.   Income other than from employment or operation of business**

None
☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13

must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

                    AMOUNT                                SOURCE

---

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Debtor:<br>Synoski Real Estate<br>P.O. Box 1036<br>Dover, DE 19903 | monthly | $5,250.00 | $0.00 |
| Progressive Finance<br>150 E WATER ST<br>DOVER, DE 19901 | monthly | $870.00 | $13,400.00 |
| Northeast Car Connection, Inc.<br>150 E WATER ST<br>DOVER, DE 19901 | monthly | $1,026.00 | $19,025.00 |
| Joint Debtor: | | | |

None
☒

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☒

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must

---

* *Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Debtor:<br>SouthStar IV, LLC v. Toriano Giddens and Yashica Giddens<br>Case Number: K11L-02-059 | Mortgage Foreclosure | Superior Court of the State of Delaware, in and for Kent County 414 Federal Street, Dover, DE 19901 | Sold at Sale on 6/27/12 to SouthStar IV, LLC |
| US Bank, N.A., v. Giddens<br>Case Number: ***Lawsuit dtr case number RTE*** | Mortgage Forclosure | ***Lawsuit dtr court or agency name RTE*** VA | 32235 Keller Pond Road, Painter, VA 23420 Sold at foreclosure sale |
| Joint Debtor:<br>N/A | | | |

None ☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None ☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | DATE OF REPOSSESSION, | DESCRIPTION |
|---|---|---|

| NAME AND ADDRESS OF CREDITOR OR SELLER | FORECLOSURE SALE, TRANSFER OR RETURN | AND VALUE OF PROPERTY |
|---|---|---|
| Debtor:<br>Great Eastern Resorts<br>2515 East Market Street<br>Harrisonburg, VA 22801 | October 2012 | Time Share (Massanutten, VA)<br>Value: |
| Joint Debtor:<br>N/A | | |

---

**6. Assignments and receiverships**

None
☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None
☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| Debtor:<br>St. Paul's AME<br>103 West Mispillion Street<br>Harrington, DE 19952 | None | various | tithes<br>Value: $1,000.00 |
| Joint Debtor: | | | |

N/A

---

**8. Losses**

None
☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

---

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| Debtor:<br>The Eaby Firm, LLC<br>99 Wolf Creek Blvd., Suite 3<br>Dover, DE 19901 | 8/2/12, 9/14/12, 1/11/13 and 1/24/13 | $1,400.00<br>Legal Fees |
| Joint Debtor:<br>N/A | | |

---

**10. Other transfers**

None
☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

6

None
☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

---

### 11. Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| Debtor:<br>Citizens Bank<br>1399 Forest Ave<br>Dover, DE 19904 | Type of Account: Checking and savings<br>Account Number: 1574, 4968, and 4976<br>Final Balance: $0.00 | $0.00<br>9/2012 |
| WSFS<br>1486 Forest Ave<br>Dover, DE 19904 | Type of Account: Checking and savings<br>Account Number: 5927, 8272 and 7888<br>Final Balance: $0.00 | $0.00<br>11/2012 |
| Citizens Bank<br>1399 Forest Ave<br>Dover, DE 19904 | Type of Account: Checking account<br>Account Number: ***Account closed dtr number RTE***<br>Final Balance: ***Account closed dtr final balance RNU*** | ***Account closed dtr sale amount RNU***<br>8/2012 |
| PNC Bank<br>505 N. Dupont Highway<br>Dover, DE 19901 | Type of Account: checking<br>Account Number: 3688 and 8547<br>Final Balance: $0.00 | $0.00<br>2/2013 |
| TD Bank<br>***Account closed dtr institution address RTE***<br>Dover, Delaware | Type of Account: checking<br>Account Number: 5935<br>Final Balance: $0.00 | $0.00<br>unknown |
| Del-One<br>***Account closed dtr institution address RTE***<br>Dover, DE | Type of Account: savings<br>Account Number: 7278<br>Final Balance: $0.00 | $0.00<br>unknown |

Joint Debtor:
N/A

**12. Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| Debtor: 183 Redtail Lane Dover, DE 19904 | Toriano Giddens and Yashica Giddens | December 2006 through February 2012 |

Joint Debtor:
N/A

---

**16. Spouses and Former Spouses**

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a

party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Debtor: Market America | ***Business dtr individual abbrev id number RTE***/ ***Business dtr individual complete ein number RTE*** | ***Business dtr individual address RTE*** | ***Business dtr individual nature RTE*** | Beginning Date: 5/2010 Ending Date: 4/2011 |
| PrivatePassions4 U.com | ***Business dtr individual abbrev id number RTE***/ ***Business dtr individual complete ein number RTE*** | ***Business dtr individual address RTE*** | ***Business dtr individual nature RTE*** | Beginning Date: 2/2012 Ending Date: 6/2012 |
| Mary Kay, Inc. | ***Business dtr individual abbrev id number RTE***/ 75115170 | P.O. Box 799040 Dallas, Texas 75379 | Beauty Products | Beginning Date: 2001 Ending Date: present |

N/A

None
☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                        ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☒

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                        DATES SERVICES RENDERED

Debtor:
N/A

Joint Debtor:
N/A

None
☒

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                        ADDRESS                        DATES SERVICES RENDERED

Debtor:
N/A

Joint Debtor:
N/A

None
☒

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                            ADDRESS

Debtor:
N/A

Joint Debtor:
N/A

None
☒

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                        DATE ISSUED

Debtor:
N/A

Joint Debtor:

N/A

---

**20. Inventories**

None
☒

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|                    |                      | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|--------------------|----------------------|---------------------------|
| DATE OF INVENTORY  | INVENTORY SUPERVISOR |                           |

Debtor:
N/A

Joint Debtor:
N/A

None
☒

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|                    | NAME AND ADDRESSES OF CUSTODIAN |
|--------------------|---------------------------------|
| DATE OF INVENTORY  | OF INVENTORY RECORDS            |

Debtor:
N/A

N/A

---

**21 . Current Partners, Officers, Directors and Shareholders**

None
☒

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

N/A

None
☒

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|------------------------------------------|

N/A

---

**22. Former partners, officers, directors and shareholders**

None
☒

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

N/A

None
☒

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

N/A

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☒

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------|------|------|

N/A

---

**24. Tax Consolidation Group.**

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----------------------------|--------------------------------------|

---

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----------------------|--------------------------------------|

* * * * * *

---

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

March 8, 2013 _____          s/Toriano A. Giddens _____

Date _____    Signature
                                       of Debtor    _____

                                       Signature of
                                       Joint Debtor
Date  March 8, 2013 _____ (if any)      s/Yashica M. Giddens _____

***Bankruptcy form 7 continuation sheets NU*** continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 22C (Official Form 22C) (Chapter 13) (12/10)

In re  **Toriano A. Giddens and Yashica M. Giddens**
Debtor(s)

Case Number: _____
(If known)

| According to the calculations required by this statement: |
| :-- |
| ☐ **The applicable commitment period is 3 years.** |
| ☒ **The applicable commitment period is 5 years.** |
| ☒ **Disposable income is determined under § 1325(b)(3).** |
| ☐ **Disposable income is not determined under § 1325(b)(3).** |
| (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. REPORT OF INCOME | | | |
| :-- | :-- | :-- | :-- |
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. <br> a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.** <br> b. ☒ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A** <br> Debtor's Income | **Column B** <br> Spouse's Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $    **9,629.34** | $    **560.01** |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** <br><br> a. Gross receipts $                **0.00** <br> b. Ordinary and necessary business expenses $                **0.00** <br> c. Business income    Subtract Line b from Line a | $        **0.00** | $        **0.00** |
| 4 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** <br><br> a. Gross receipts $                **0.00** <br> b. Ordinary and necessary operating expenses $                **0.00** <br> c. Rent and other real property income    Subtract Line b from Line a | $        **0.00** | $        **0.00** |
| 5 | **Interest, dividends, and royalties.** | $        **0.00** | $        **0.00** |
| 6 | **Pension and retirement income.** | $        **0.00** | $        **0.00** |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $        **0.00** | $        **0.00** |

| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br><br>| Unemployment compensation claimed to be a benefit under the Social Security Act | Debtor $ _____ | Spouse $ _____ | | $           0.00 | $           0.00 |
|---|---|---|---|

| 9 | **Income from all other sources.** Specify source and amount.  If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. <br><br>| a. | | $ | <br>| b. | | $ | | $           0.00 | $           0.00 |
|---|---|---|---|

| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B.  Enter the total(s). | $     9,629.34 | $       560.01 |
|---|---|---|---|
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 10, Column A. | $       10,189.35 | |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11. | $  10,189.35 |
|---|---|---|
| 13 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose.  If necessary, list additional adjustments on a separate page.  If the conditions for entering this adjustment do not apply, enter zero. <br><br>| a. | | $ | <br>| b. | | $ | <br>| c. | | $ | <br>Total and enter on Line 13. | $         0.00 |
| 14 | Subtract Line 13 from Line 12 and enter the result. | $  10,189.35 |
| 15 | **Annualized current monthly income for § 1325(b)(4).**  Multiply the amount from Line 14 by the number 12 and enter the result. | $ 122,272.20 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br><br>a. Enter debtor's state of residence: ___**Delaware**___  b. Enter debtor's household size: _____**5**_____ | $  90,924.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed. <br><br>☐ **The amount on Line 15 is less than the amount on Line 16.**  Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. <br><br>☒ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $  10,189.35 |
|---|---|---|

| 19 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose.  If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | |
|---|---|---|---|
| | a. | | $ |
| | b. | | $ |
| | c. | | $ |
| | Total and enter on Line 19. | | $        **0.00** |

| 20 | **Current monthly income for § 1325(b)(3).**  Subtract Line 19 from Line 18 and enter the result. | $    **10,189.35** |
|---|---|---|
| 21 | **Annualized current monthly income for § 1325(b)(3).**  Multiply the amount from Line 20 by the number 12 and enter the result. | $ **122,272.20** |
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $   **90,924.00** |

| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>☒ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** |
|---|---|

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | | | | | $    **1,731.00** |
|---|---|---|---|---|---|---|
| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older.  (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.)  Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1.  Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2.   Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | | | | | |
| | **Persons under 65 years of age** | | **Persons 65 years of age or older** | | | |
| | a1. | Allowance per person | 60.00 | a2. | Allowance per person | 144.00 | |
| | b1. | Number of persons | 5 | b2. | Number of persons | 0 | |
| | c1. | Subtotal | 300.00 | c2. | Subtotal | 0.00 | $      **300.00** |
| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | | | | | $      **639.00** |

B 22C (Official Form 22C) (Chapter 13) (12/10)    4

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B.  **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rent expense | $            1,389.00 | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $                 0.00 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $   1,389.00 |

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br>_____<br>_____<br>_____ | $        0.00 |
|---|---|---|

| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.**  You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7.  ☐ 0   ☐ 1   ☒ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation.  If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region.  (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $      488.00 |
|---|---|---|

| 27B | **Local Standards: transportation; additional public transportation expense.**   If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $        0.00 |
|---|---|---|

| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)   ☐ 1   ☒ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28.  **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $            517.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $            482.00 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $      35.00 |

B 22C (Official Form 22C) (Chapter 13) (12/10)                                                                                                5

| | | |
|---|---|---|
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | |

| | | | | |
|---|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $                517.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $                343.00 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $          174.00 |

| | | |
|---|---|---|
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social-security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $       1,804.62 |
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $          288.12 |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $          253.52 |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 49.** | $             0.00 |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $             0.00 |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $             0.00 |
| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $             0.00 |
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $           68.67 |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $       7,170.93 |

| |
|---|
| **Subpart B: Additional Living Expense Deductions**<br>**Note: Do not include any expenses that you have listed in Lines 24-37** |

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |
|---|---|---|---|
| | a. | Health Insurance | $ 633.26 |
| | b. | Disability Insurance | $ 0.00 |
| | c. | Health Savings Account | $ 0.00 |
| | Total and enter on Line 39 | | $ 633.26 |
| | **If you do not actually expend this total amount**, state your actual total average monthly expenditures in the space below: $ _____ | | |

| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ 300.00 |
|---|---|---|
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ 0.00 |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ 0.00 |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ 0.00 |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ 0.00 |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ 100.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ 1,033.26 |

| **Subpart C: Deductions for Debt Payment** |
|---|

| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | | |
|---|---|---|---|---|---|

| | | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|---|
| | a. | **Del One** | **See Attachment 1** | $ 342.61 | ☐ yes ☒ no |
| | b. | **Progressive Finance** | **Furniture** | $ 401.24 | ☐ yes ☒ no |
| | c. | **Northeast Car Connection, Inc** | **2011 Dodge Grand Caravan** | $ 482.00 | ☐ yes ☒ no |
| | | | | Total: Add Lines a, b, and c | $ 1,225.85 |

| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property.  The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure.  List and total any such amounts in the following chart.  If necessary, list additional entries on a separate page. | | |
|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | **Del One** | **See Attachment 2** | $                      **0.00** |
| b. | | | $ |
| c. | | | $ |
| | | | Total:  Add Lines a, b, and c |

|  | | | $ **0.00** |
|---|---|---|---|

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing.  **Do not include current obligations, such as those set out in Line 33.** | $ **0.00** |
|---|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | |
|---|---|---|

| a. | Projected average monthly chapter 13 plan payment. | $                    **0.00** |
|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b |

|  | | $ **0.00** |
|---|---|---|

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ **1,225.85** |
|---|---|---|

## Subpart D: Total Deductions from Income

| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ **9,430.04** |
|---|---|---|

# Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ **10,189.35** |
|---|---|---|
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |
| 56 | **Total of all deductions allowed under § 707(b)(2).**  Enter the amount from Line 52. | $ **9,430.04** |
| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page.  Total the expenses and enter the total in Line 57.  **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expenses necessary and reasonable.** | |

| | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | | Total:  Add Lines a, b, and c |

|  | | $ **0.00** |
|---|---|---|

B 22C (Official Form 22C) (Chapter 13) (12/10)                                                                                      8

| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ **9,430.04** |
|---|---|---|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ **759.31** |

## Part VI: ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item.  Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | **Student Loans** | $ **5,490.27** |
| b. | | $ |
| c. | | $ |
| | Total:  Add Lines a, b, and c | $ **5,490.27** |

## Part VII: VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)* |
|---|---|

Date: **March 8, 2013**              Signature: **s/Toriano A. Giddens**
                                                         *(Debtor)*

Date: **March 8, 2013**              Signature: **s/Yashica M. Giddens**
                                                         *(Joint Debtor, if any)*

# Attachment

**Attachment 1**

    **Attachment 1**

        **2006 Ford F150 Supercrew Pickup 1/2 Ton V8 SuperCrew XLT 4WD**

**Attachment 2**

    **Attachment 2**

        **2006 Ford F150 Supercrew Pickup 1/2 Ton V8 SuperCrew XLT 4WD**

B 203
(12/94)

# United States Bankruptcy Court
### DELAWARE

In re

**Toriano A. Giddens and Yashica M. Giddens**

Case No. _____

Debtor

Chapter **13** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **4,000.00** _____

Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,400.00** _____

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **2,600.00** _____

2. The source of the compensation paid to me was:

[X] Debtor      ☐ Other (specify)

3. The source of compensation to be paid to me is:

[X] Debtor      ☐ Other (specify)

4. [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with any other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor i n determining whether to file a petition in bankruptcy;

b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

**As specified in Retainer Fee Agreement**

CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

**March 8, 2013**                                      **s/Bradley S. Eaby**
Date                                                                   **Bradley S. Eaby**

                                                                      **The Eaby Firm, LLC**
                                                                         Name of law firm

# UNITED STATES BANKRUPTCY COURT
DELAWARE

In re                                                          Chapter 13

    Toriano A. Giddens and Yashica M.                    Case No.
    Giddens

        Debtors.

# STATEMENT OF MONTHLY GROSS INCOME

The undersigned certifies the following is the debtor's monthly income.

| Income: | Debtor | Joint Debtor |
|---|---|---|
| Six months ago | $ 8,890.54 | $ 2,845.20 |
| Five months ago | $ 8,890.54 | $ 0.00 |
| Four months ago | $ 13,323.31 | $ 227.48 |
| Three months ago | $ 8,890.54 | $ 133.29 |
| Two months ago | $ 8,890.54 | $ 54.11 |
| Last month | $ 8,890.54 | $ 100.00 |
| Total Gross income for six months preceding filing | $ 57,776.01 | $ 3,360.08 |
| **Average Monthly Gross Income** | $ 9,629.34 | $ 560.01 |
| **Average Monthly Net Income** (from Schedule I) | $ 6,624.82 | $ 115.93 |

Dated:   March 8, 2013

                              s/Toriano A. Giddens
                              Toriano A. Giddens
                                  Debtor

                              s/Yashica M. Giddens
                              Yashica M. Giddens
                              Joint Debtor

FB 201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts:  (1)  Describes briefly the services available from credit counseling services;  (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1.  Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**.  The briefing must be given within 180 days **before** the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7:  Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)**
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.
Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny

your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:  Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

# UNITED STATES BANKRUPTCY COURT

### DELAWARE

In re **Toriano A. Giddens and Yashica M. Giddens**

_____

Debtor

Case No. _____

Chapter **13**_____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____

Printed name and title, if any, of Bankruptcy Petition Preparer
Address:

X_____

Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose Social
Security number is provided above.

_____

Social Security number (If the bankruptcy petition
preparer is not an individual, state the Social Security
number of the officer, principal, responsible person, or
partner of the bankruptcy petition preparer.)  (Required
by 11 U.S.C. § 110.)

### Certification of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Toriano A. Giddens and Yashica M. Giddens**_____

Printed Name(s) of Debtor(s)

Case No. (if known) _____

X **s/Toriano A. Giddens**          **March 8, 2013**

Signature of Debtor                          Date

X **s/Yashica M. Giddens**          **March 8, 2013**

Signature of Joint Debtor (if any)          Date

_____

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

B283  (Form 283) (04/10)

# UNITED STATES BANKRUPTCY COURT
### _____ DELAWARE _____

**In re**

**Toriano A. Giddens and Yashica M. Giddens**     **Case No. _____**
       **Debtor**

## CHAPTER 13 DEBTOR'S CERTIFICATIONS REGARDING
## DOMESTIC SUPPORT OBLIGATIONS AND SECTION 522(q)

*Part I.  Certification Regarding Domestic Support Obligations (check no more than one)*

Pursuant to 11 U.S.C. Section 1328(a), I certify that:

☒ I owed no domestic support obligation when I filed my bankruptcy petition, and I have not been required to pay any such obligation since then.

☐ I am or have been required to pay a domestic support obligation. I have paid all such amounts that my chapter 13 plan required me to pay. I have also paid all such amounts that became due between the filing of my bankruptcy petition and today.

*Part II.  If you checked the second box, you must provide the information below.*

My current address: _____

My current employer and my employer's
address:_____

_____

*Part III.  Certification Regarding Section 522(q) (check no more than one)*

Pursuant to 11 U.S.C. Section 1328(h), I certify that:

☐ I have not claimed an exemption pursuant to § 522(b)(3) and state or local law (1) in property that I or a dependent of mine uses as a residence, claims as a homestead, or acquired as a burial plot, as specified in § 522(p)(1), and (2) that exceeds $146,450* in value in the aggregate.

☒ I have claimed an exemption in property pursuant to § 522(b)(3) and state or local law (1) that I or a dependent of mine uses as a residence, claims as a homestead, or acquired as a burial plot, as specified in § 522(p)(1), and (2) that exceeds $146,450* in value in the aggregate.

*\*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

*Part IV.  Debtor's Signature*

I certify under penalty of perjury that the information provided in these certifications is true and correct to the best of my knowledge and belief.


Executed on **March 8, 2013**                **s/Toriano A. Giddens**

                    Date                                        Debtor

B283  (Form 283) (04/10)

# UNITED STATES BANKRUPTCY COURT
### _____ DELAWARE _____

**In re**
      **Toriano A. Giddens and Yashica M. Giddens**      **Case No. _____**
                          **Debtor**

## CHAPTER 13 DEBTOR'S CERTIFICATIONS REGARDING DOMESTIC SUPPORT OBLIGATIONS AND SECTION 522(q)

*Part I.  Certification Regarding Domestic Support Obligations (check no more than one)*

Pursuant to 11 U.S.C. Section 1328(a), I certify that:

☒      I owed no domestic support obligation when I filed my bankruptcy petition, and I have not been required to pay any such obligation since then.

☐      I am or have been required to pay a domestic support obligation.  I have paid all such amounts that my chapter 13 plan required me to pay.  I have also paid all such amounts that became due between the filing of my bankruptcy petition and today.

*Part II.  If you checked the second box, you must provide the information below.*

My current address: _____

My current employer and my employer's
address:_____

_____

*Part III.  Certification Regarding Section 522(q) (check no more than one)*

Pursuant to 11 U.S.C. Section 1328(h), I certify that:

☐      I have not claimed an exemption pursuant to § 522(b)(3) and state or local law (1) in property that I or a dependent of mine uses as a residence, claims as a homestead, or acquired as a burial plot, as specified in § 522(p)(1), and (2) that exceeds $146,450* in value in the aggregate.

☐      I have claimed an exemption in property pursuant to § 522(b)(3) and state or local law (1) that I or a dependent of mine uses as a residence, claims as a homestead, or acquired as a burial plot, as specified in § 522(p)(1), and (2) that exceeds $146,450* in value in the aggregate.

*_____
*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

*Part IV.  Debtor's Signature*

I certify under penalty of perjury that the information provided in these certifications is true and correct to the best of my knowledge and belief.


Executed on  **March 8, 2013**                                **s/Yashica M. Giddens**
                    Date                                                            Joint Debtor

Advanced Financial Company
5900 Pasteur Court, Suite 200
Carlsbad, CA 92008

Alpine Payday Loan
7180 West Fairview Avenue
Boise, ID 83704

Ashro
3650 Milwaukee St.
Madison, WI 53714-2399

BANK OF AMERICA
450 AMERICAN ST
SIMI VALLEY, California 93065

BARCLAYSBK
PO BOX 8803ATT: CREDIT
BUREAU
ATT: CREDIT BUREAU
WILMINGTON, DE 19899

Boggs Well and Septic
P.O. Box 333
Melfa, VA 23410

Camden Dentistry
199 South
Camden-Wyoming, DE 19934

CAP ONE
PO BOX 85015
RICHMOND, VA 23285-5075

CAP ONE
PO BOX 5253
CAROL STREAM, IL 60197

Capital Management Services,
LP
698 1/2 South Ogden Street
Buffalo, NY 14206

Capital One Bank
c/o First Financial Asset
Managemen
230 Peachtree Street, 17th
Floor
Atlanta, GA 30303

Cash Central
PO Box 6430
North Logan, UT 84341-6430

CASHCALL
1920 MAIN STREET SUITE 400
IRVINE, CA 92614

CashNetUSA
200 West Jackson, Suite
1400
Chicago, IL 60606-6941

CHASE
201 N. WALNUT ST//DE1-1027
WILMINGTON, DE 19801

Check 'n Go
7755  Montgomery Road, Suite
400
Cincinnati, OH 45236

Comcast
PO Box 3006
Southeastern, PA 19398-
3006

DDA Recovery RJE245 (Citizens
Bank)
P.O. Box 42023
Providence, RI 02940

DE FCU
150 E WATER ST
DOVER, DE 19901

Del One
191 COTTAGE COVE LANE
WILLIAMSBURG, VA 23185

Delmarva Power
c/o Rickart Collection
Systems, Inc
P.O. Box 7242
North Brunswick, NJ 08902

eBay, Inc.
c/o I.C. System, Inc.
444 Highway 96
St. Paul, MN 55164-0887

FEDLOAN
PO BOX 69184
HARRISBURG, PA 17106

First Financial Asset Mgmt,
Inc.
PO Box 901
Fort Mill,  SC 29716-0901

FST PREMIE
3820 N LOUISE AVE
SIOUX FALLS, SD 57107

FST PREMIE
3820 N LOUISE AVET
SIOUX FALLS, SD 57107

Gatestone & Co. International,
Inc.
PO Box 101928, Dept. 4947A
Birmingham, AL 35210-1928

Glenn Associates Mid-Atlantic,
Inc.
14504 Greenview Drive, Suite
107
Laurel, MD 20725

HSBC BANK
PO BOX 5253
CAROL STREAM, IL 60197

I.C. System, Inc.
444 Highway 96 East
St. Paul, MN 55164-0437

Jay J. Harris DMD
220 Christiana Medical Ctr
Newark, Delaware 19702-1652

King's Creek Plantation
263 McLaws Circle, Suite
202
Williamsburg, VA 23185

Mapledale
180 Mapledale Circle
Dover, DE 19904


Northeast Car Connection, Inc.
150 E WATER ST
DOVER, DE 19901

Orchard Bank
212 Corporate Lane, Suite
108
Naperville, IL 60563

PayPal, Inc.
c/o American Coradius
International
2420 Sweet Home Rd. Ste 150
Amherst, NY 14228-2244


PNC Bank
P.O. Box 2155
Rocky Mount, NC 27802-2155

Proactiv Solution
c/o SKO Brenner American,
Inc.
P. O. Box 230
Frmngdale, NY 11735-0230

Progressive Finance
150 E WATER ST
DOVER, DE 19901


Progressive Finance
11629 South 700 East
Draper, Utah 84020

QVC
1200 Wilson Drive
Chester, PA 19380

RBS Citizens N.A.
c/o Audit Systems Incorporated
3696 Ulmerton Rd., Suite 200
Clearwater, FL 33762


Resort Management Group LLC
475 Broad Creek Road
New Bern, NC 28560

Shenandoah Villas
P.O. Box 1227
Harrisonburg, VA 22803

Shore Health System
PO Box 277715
Atlanta, GA 30384-7715


Summer Bay Resort
P.O. Box 2953
Orlando, FL 32802-2953

Synoski Real Estate
Management

P.O. Box 1036
Dover, DE 19903

TD Bank
P. O. Box 1377
Lewiston, ME 04243-1377


Trojan Professional Services,
Inc.
P.O. Box 1270
Los Alamitos, CA 90720-1270

UNIVOFPHX
4025 S RIVERPOINT PKYDBA
UNIVERSITY
DBA UNIVERSITY OF PHOENIX
INC.
PHOENIX, AZ 85040

USFastCash
3531 P Street NW
P.O. Box 111
Miami, OK 74355


Verizon
c/o I C System
P.O. Box 64444
St. Paul, MN 55164-0444

VERIZON
500 TECHNOLOGY DR, SUITE
300
SUITE 300
WELDON SPRING, MO 63304

VERIZON
PO BOX 26055NAT'L RECOVERY
DEPT M.S
NAT'L RECOVERY DEPT M.S. 400
MINNEAPOLIS, MN 55426


Verizon Wireless
777 Big Timber Road
Elgin, IL 60123

Virginia Beach Schools
Federal Cred
3701 Bonney Road
Virginia Beach, VA 23452

WFHM
PO BOX 10335
DES MOINES, IA 50306-0335


WSFS
500 DELAWARE AVE
WILMINGTON, DE 19801

WSFS
c/o Glenn Associates Mid-
Atlantic,
14504 Greenview Dr.,
Suite 107
Laurel, MD 20725

**UNITED STATES BANKRUPTCY COURT**
**Delaware**

In re:   **Toriano A. Giddens and Yashica M. Giddens**

Case No. _____

_____

Chapter   **13** _____

**Debtors**

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated:   **March 8, 2013** _____     Signed:   **s/Toriano A. Giddens** _____

Dated:   **March 8, 2013** _____     Signed:   **s/Yashica M. Giddens** _____

See Attachment   **s/Bradley S. Eaby**
**Bradley S. Eaby**
**Attorney for Debtor(s)**
**Bar no.: 2735**
**99 Wolf Creek Boulevard, Suite 3**
**Dover, Delaware 19901**
**Telephone No: (302) 674-3299**
**Fax No: (302) 674-5818**

**E-mail address: bradeaby@verizon.net**