Revised Local Form 103(Ch. 13 Plan)
Del. Bankr. L.R. 3203-1(b)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                                    *
                                          *  CASE NO.
TORIANO A. GIDDENS, and                   *
YASHICA M. GIDDENS,                       *
                                          *  CHAPTER 13
                    Debtor(s).            *

## CHAPTER 13 PLAN

**NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1**

The future earnings of the Debtor are submitted to the supervision and control of the Court and the Debtor (or the Debtor's employer) shall pay to the Trustee the sum of $900.36 (monthly) for 60 months.

From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

    1.  Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C., Section 507;

        (A)  Debtors' Counsel Fees        $2,600.00
              Debtors' Counsel Fees shall be paid in full prior to any other creditor.
        (B)  Priority Taxes –        $0.00
              Upon Confirmation, once the pre-petition priority amount listed on the Proof of Claim as filed has been paid, that debt is paid in full and all interest and penalties are discharged, unless an exception to discharge set forth in Section 1328(b) and/or Section 523(a) applies.

        (C)  Other Priority or Administrative Expenses   $0.00

    2.  Pro-rata with dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

        (A)  Long term or mortgage debt – PRE- PETITION ARREARAGE ONLY, to be paid to None. Debtor shall continue to make regular post-petition payments directly to None.. This section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

        (B)  Secured vehicle debt (cramdown) – Pro-rata payments to: Del-One Federal Credit Union in the amount of $19,025.00 for payment in full of the value of the property,

plus interest at the rate of 5.25% per annum, for the 2006 Ford F150 Supercrew Pickup 1/2 Ton V8 XLT 4WD. Total payments will be 21,672.50.


      (C)      Secured vehicle debt (910 car claim) – Pro-rata payments to: Northeast Car Connection, Inc. in the full amount of the vehicle claim of $21,058.00, plus interest at the rate of 5.25% per annum, for the 2011 Dodge Grand Caravan 4D Wagon Mainstreet. Total payments will be $23,988.41.

      (D) Other secured debt(s): None.

3.      Surrender -- Secured Collateral to:
      A.      Del-One Federal Credit Union for the 2007 Ford Escape V6 Utility 4D Ltd., 4WD.
      B.      Time Share Unit 104B Begonia Way, York County, VA
      Debtor abandons such property and agrees that the Automatic Stay under 11 U.S.C.§362 is terminated as to the property and any interest in the property.   Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

4.      Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

General unsecured creditors will be paid [   ] A dividend of 100% of their allowed claim, or [ x ] a pro rata dividend of

      1. Approximately $ N/A BIOC or
      2. Approximately $850.00. This equals Disp. Income x 60 months as calculated under 11 U.S.C. §1325(b), or [   ] a pro-rata dividend, if any.

5.      The following leases or executory contracts of the debtor will be treated as follows:
      A.      Residential real property lease for 229 Saxondale Lane, Dover, DE 19904, shall be assumed.
      B.      Personal property lease for furniture.   Lessor – Progressive Finance. Lessee – Toriano Giddens. To be assumed.

6.      Title to the Debtor(s) property shall revest in the Debtor on confirmation of the Plan, except undistributed plan payments held by the Trustee. Upon conversion of this case to Chapter 7, or dismissal, the Trustee is authorized to distribute undistributed plan payments to allowed claimants in accordance with this Plan.

7.      Other special provisions of the Plan: NONE.

8.      A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the United States Bankruptcy Court, District of Delaware website (http://www.deb.uscourts.gov) and click on the Programs & Services tab, then select Filing a Claim. Click on "Submit a Proof of Claim" link and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the United States

_____     March 8, 2013
BRADLEY S. EABY, ESQ.                         Date
Attorney for Debtor(s)

_____     March 8, 2013
TORIANO A. GIDDENS                              Date
Debtor's Signature

_____     March 8, 2013
YASHICA M. GIDDENS                              Date
Joint Debtor's Signature

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                \*
                    \* CASE NO.
TORIANO A. GIDDENS, and  \*
YASHICA M. GIDDENS,    \*
                    \* CHAPTER 13
          Debtor(s).   \*

## CHAPTER 13 PLAN ANALYSIS

Debtor:_____   Case No._____

Prior: Bankruptcy ( )   Chapter 13 ( )   Date:_____

Estimated Length of Plan: 60 months.   Trustee Use:

§341 Meeting Date:_____   Continued:_____

Confirmed Date:   _____

------------------------------------------------------------------------------------------------

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND
ADMINISTRATIVE EXPENSES

| | | |
|---|---|---:|
| A. | TOTAL PRIORITY CLAIMS (Class One) | $ 2,600.00 |
| | 1. Unpaid attorney's fees. | $ 2,600.00 |
| | 2. Taxes | $ 0.00 |
| | 3. Other | $ 0.00 |
| B. | TOTAL OF PAYMENTS TO CURE DEFAULTS (Class Two) | $ 0.00 |
| C. | TOTAL OF PAYMENTS ON SECURED CLAIMS (Class Three) | $ 45,660.91 |
| D. | TOTAL OF PAYMENTS ON UNSECURED CLAIMS (Class Four) | $ 850.00 |
| E. | SUB-TOTAL. | $ 49,110.91 |
| F. | TOTAL TRUSTEE'S COMPENSATION (10% of debtor's payment) | $ 4,911.09 |
| G. | TOTAL DEBT AND ADMINISTRATIVE EXPENSES. | $ 54,022.00 |

------------------------------------------------------------------------------------------------

RECONCILIATION WITH CHAPTER 7

| | | |
|---|---|---:|
| H. | INTEREST OF CLASS FOUR CREDITORS IF CHAPTER 7 FILED | |
| | 1. Value of debtor's interest in non-exempt property. | $ 0.00 |
| | 2. Plus: value of property recoverable under avoiding powers | $ 0.00 |
| | 3. Less: estimated Chapter 7 administrative expenses. | $ 0.00 |
| | 4. Less: amounts payable to priority creditors other than costs of administration. | $ 0.00 |
| | 5. Equals: estimated amount payable to Class 4 creditors if Chapter 7 filed (if negative, enter zero) | $ 0.00 |
| I. | ESTIMATED DIVIDEND UNDER PLAN. | $ 850.00 |

Claims, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801.

_____    _____
BRADLEY S. EABY, ESQ.                          Date
Attorney for Debtor(s)

_____    _____
TORIANO A. GIDDENS                             Date
Debtor's Signature

_____    _____
YASHICA M. GIDDENS                             Date
Joint Debtor's Signature

Local Form 103
Revised: December 2012